RECEIVED - CLERK
U.S. DISTRICT CON

The Law Office of Joseph A. Tortorato   2005 MAR 24   P 5: 20
546 Valley Road
Upper Montclair, New Jersey 07042
Telephone: (973) 744-5958
Attorneys for the Plaintiffs

| | |
|---|---|
| Ronald K. Miles, Gordon C. Miles, : Kenneth Miles, Ernest L. Miles, Jr. : and Joyce Cauley, : <br><br> Plaintiffs, : <br><br> vs. : <br><br> The Township of Barnegat, : Connectiv, Comcast, Jersey : Central Power and Light, Verizon, : Vincent Filardo, Barnegat Water : Company, John Does 1-100, : (fictitious legal persons whose : identity is unknown), : <br><br> Defendants. : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> Civil Action No.:   05 -1661 (SRC) <br><br> COMPLAINT AND JURY DEMAND |

## STATEMENT OF FEDERAL JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Sec. 1883 and Sec. 1986, the Fifth
and Fourteenth Amendment to the United States Constitution. Jurisdiction is found on
U.S.C. Sec. 1331; Sec. 1343 (a)(3) and Sec. 1346 (b). The Court may assert pendent
jurisdiction over the state law claims arising under this matter with respect to the parties other
than the Defendant, Township of Barnegat.

## PARTIES

2. The Plaintiff, Ronald K. Miles, is a citizen of the United States of America, who resides at 88 Monroe Place, Apartment 402, Bloomfield, New Jersey. Title to Block 92, Lot 9.03 was conveyed to Ronald K. Miles by Deed from Kenneth Miles as the Administrator of the Estate of Ernest L. Miles, Sr. dated January 22, 2003 and recorded in Deed Book 11199, Page 70 in the Ocean County Clerk's Office.

3. The Plaintiff, Kenneth Miles, is a citizen of the United States of America, who resides at 275 Prospect Street, Apartment 3G, East Orange, New Jersey. Title to Block 92 Lot 9.05 was conveyed to Kenneth Miles by Deed from Kenneth Miles as the Administrator of the Estate of Ernest Miles, Sr. dated January 22, 2003 and recorded in Deed Book 11199, Page 78 in the Ocean County Clerk's Office.

4. The Plaintiff, Gordon C. Miles, is a citizen of the United States of America, who resides at 232 Jamestown Road, Hammonton, New Jersey. Title to Block 92, Lot 9.04 was conveyed to Gordon C. Miles by Deed from Kenneth Miles as the Administrator of the Estate of Ernest Miles, Sr. dated January 22, 2003 and recorded in Deed Book 11199, Page 62 in the Ocean County Clerk's Office.

5. The Plaintiff, Ernest L. Miles Jr. is a citizen of the United States of America, who resides at 2 Glen Road, West Orange, New Jersey. Title to Block 92 Lot 9.02 was conveyed to Ernest L. Miles, Jr. by Deed from Kenneth Miles as the Administrator of the Estate of Ernest L. Miles, Sr. dated January 22, 2003 and recorded in Deed Book 11199, Page 58 in the Ocean County Clerk's Office.

6. The Plaintiff, Joyce Cauley, is a citizen of the United States of America, who resides at 23 East Bidwell Avenue, Jersey City, New Jersey. Title to Block 92 Lot 9.01 was conveyed to Joyce Cauley, by Deed from Kenneth Miles as the Administrator of the Estate of Ernest L.

2

Miles, Sr., dated January 22, 2003 and recorded in Deed Book 11199, Page 78 in the Ocean County Clerk's Office.

7.  Block 92 Lot 9.06 was conveyed to Plaintiffs, Joyce Cauley, Ernest L. Miles, Jr., Ronald K. Miles, Gordon C. Miles and Kenneth Miles by Deed from Kenneth Miles as the Administrator of the Estate of Ernest L. Miles, Sr. dated January 22, 2003 and recorded in Deed Book 11199 Page 74 in the Ocean County Clerk's Office.

8.  The Defendant, the Township of Barnegat is a political subdivision within the the State of New Jersey.

9.  The Defendant, Connectiv, is a corporation permitted to and doing business in the State of New Jersey.

10.  The Defendant, Comcast, is a corporation permitted to and doing business in the State of New Jersey.

11.  The Defendant, Vincent Filardo, upon information and belief, is a citizen of the United States of America and presently resides at 3019 Cedar Bridge Road, Northfield, New Jersey.

12.  The Defendant, Verizon, is a corporation permitted to and doing business in the State of New Jersey.

13.  The Defendant, Jersey Central Power and Light, is a corporation permitted to do business in the State of New Jersey.

## COUNT ONE

14.  The Plaintiffs, Ronald K. Miles, Ernest L. Miles, Jr. Gordon C. Miles, Kenneth Miles, and Joyce Cauley, did take a certain part of the property belonging to all of the Plaintiffs as part of a certain right-of-way, which heretofore has been identified or described by all of the parties as Catherine Street, and Cloverdale Road, within the Township of Barnegat.

3

15. In wrongfully taking the property belonging to the Plaintiffs, as part of these streets or right-of-way, the Defendant, Township of Barnegat, did not provide compensation to the Plaintiffs, nor did the Plaintiffs receive due process from the Defendant, Township of Barnegat, before taking this property.

16. This action on the part of the Defendant, Township of Barnegat, was contrary to the Fifth Amendment of the United States constitution, which provides that private property shall not be taken for public use without just compensation.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant, the Township of Barnegat, as follows;

A. Just compensation for the taking of the property of the Plaintiffs to permit the establishment of the right-of-way known as Catherine Street and Cloverdale Road.

B. Attorney's fees;

C. Interest;

D. Cost of suit;

E. Any other relief deemed just by the Court.

COUNT TWO

17. The Plaintiffs reallege all of the allegations set forth in the preceding paragraphs as if set forth herein at length.

18. The Defendant, Township of Barnegat, did take a certain part of the property belonging to all of the Plaintiffs as a certain right-of-way, which has been identified by all of the parties as Catherine Street, and Cloverdale Road.

19. In taking the property belonging to the Plaintiffs as part of this right-of-way, the Defendant, Township of Barnegat, did not provide any compensation to the Plaintiffs.

4

20. This action on the part of the Defendant, Township of Barnegat, was contrary to Article I, Paragraph 20 of the New Jersey constitution, which provides that private property shall not be taken for public use without just compensation.

Wherefore, the Plaintiff, Ronald K. Miles, Kenneth Miles, Gordon C. Miles, Ernest L. Miles, Jr. and Joyce Cauley demand Judgment against the Defendant, Township of Barnegat, as follows:

A. Just compensation for the taking of the property of the Plaintiffs to permit the establishment of the right-of-way known as Catherine Street, and Cloverdale Road.

B. Attorney's fees;

C. Interest;

D. Costs of suit;

E. Any other relief deemed just by the Court.

## COUNT THREE

21. The Plaintiffs reallege all of the allegations set forth above as if set forth herein at length.

22. The Defendant, Township of Barnegat, and/or the representatives of the Defendant, Township of Barnegat, did grant certain discharge or other environmental permits with respect to the properties adjoining the property belonging to the Plaintiff which has caused irreparable harm and damages to the Plaintiffs.

23. These actions on the part of the Defendant, Township of Barnegat, are contrary to the terms and provisions of the New Jersey Tort Claims Act.

Wherefore, the Plaintiffs, Ronald K. Miles, Gordon C. Miles, Ernest L. Miles, Jr., Kenneth Miles and Joyce Cauley, demand Judgment against the Defendant, Township of Barnegat, as follows:

5

A. Compensatory damages;

B. Attorney's fees;

C. Interest;

D. Costs of suit;

E. Any other relief deemed just by the Court.

## COUNT FOUR

24. The Plaintiffs reallege all of the allegations set forth in each of the preceding paragraphs as if set forth herein.

25. The Defendant, Connectiv, is a licensed public utility company that does provide utility and electrical service to part of the State of New Jersey.

26. In order to provide such service, the Defendant, Connectiv, did encroach upon, enter and intrude upon the property belonging to the Plaintiffs which is located in the Township of Barnegat, in the State of New Jersey.

27. At no time did the Defendant, Connectiv, request the consent of any one of the Plaintiffs to place any burden upon the property belonging to the Plaintiffs.

28. Without the consent of the Plaintiffs, the Defendant, Connectiv, upon information and belief, willfully and intentionally placed the following items on, within or above the property:

29. A certain high voltage transmission line, which recently was increased in capacity from 65,000 to 230,000 volts.

30. A certain underground line that was placed through and within Lot No. 6.

31. In 2003, a certain number of telephone poles of lesser height was erected or placed in the right-of-way.

32. The Defendant, Collectiv, has not paid just and fair compensation to the Plaintiffs.

Wherefore, the Plaintiffs, Ronald K. Miles, Kenneth Miles, Gordon C. Miles, Ernest L Miles, Jr. and Joyce Cauley demand Judgment against the Defendant, Collectiv, as follows:

    A. Compensatory damages;

    B. Punitive damages;

    B. Interest;

    C. Costs of suit;

    D. Attorney's fees;

    E. Any other relief deemed just by the Court.

## COUNT FIVE

33. The Plaintiffs reallege all of the allegations set forth in each of the preceding paragraphs as if set forth herein.

34. In order to place all of the aforementioned items on and above the property belonging to the Plaintiffs, it was necessary for representatives of the Defendant, Connectiv, to come on the Property belonging to the Plaintiffs without the knowledge or consent of the Plaintiffs.

35. The representatives of the Defendant, Collectiv, intended to come upon the property of the Plaintiff for the purpose of placing these poles, structures and power lines.

36. The Plaintiffs did not grant their consent to having the representatives of the Defendant, Connectiv, come on the property.

37. The Defendant, Connectiv, did trespass upon the property belonging to the Plaintiffs.

Wherefore, the Plaintiffs, Ronald K. Miles, Ernest L. Miles, Jr., Gordon C. Miles, Kenneth Miles, and Joyce Cauley demand judgment against the Defendant, Collectiv, as follows:

A. Compensatory damages;

B. Punitive damages;

C. Interest;

D. Costs of suit;

E. Attorney's fees;

F. Any other relief deemed just by the Court.

## COUNT SEVEN

38. The Plaintiffs reallege all of the allegations set forth above as if repeated herein at length.

39. The Defendant, Collectiv, purposefully and intentionally came upon the property for the purpose of the installation or placement of poles, structures and cables.

40. In doing so, the representatives of the Defendant, Collectiv, did cause substantial damage to the property which included an area of 1,700 square feet of large trees and plant life.

Wherefore, the Plaintiffs demand judgment against the Defendant, Collectiv, as follows:

A. Compensatory damages;

B. Punitive damages;

C. Interest;

D. Costs of suit;

E. Attorney's fees;

F. Any other relief deemed just by the Court.

## COUNT SEVEN

41. The Plaintiffs reallege all of the allegations set forth in each of the preceding paragraphs as if set forth herein at length.

8

42. The Defendant, Comcast, placed a cable box upon the premises without the knowledge or consent of the Plaintiffs.

43. The Plaintiffs made a demand upon the Defendant, Comcast, for the removal of the cable box upon the premises or in the alternative for fair and just compensation.

44. The Defendant, Comcast, refused to excavate or remove the cable box or give fair compensation for placing the box upon or within the premises belonging to the Plaintiffs.

Wherefore, the Plaintiffs, Ronald Miles, Kenneth Miles, Gordon C. Miles, Ernest L. Miles, Jr. and Joyce Cauley demand judgment against the Defendant, Comcast, as follows:

A. Punitive damages;

B. Compensatory damages;

C. Costs of suit;

D. Interest;

E. Attorney's fees;

F. Any other relief deemed just by the Court.

### COUNT EIGHT

45. The Plaintiffs repeat each of the allegations of each of the preceding paragraphs as if set forth herein at length.

46. The Defendant, Jersey Central Power and Light, is a licensed public utility company that does provide utility service to part of the State of New Jersey.

47. In order to provide such services, the Defendant, Jersey Central Power and Light, did encroach upon, enter and intrude upon the property belonging to the Plaintiffs which is located in the Township of Barnegat.

48. At no time did the Defendant, Jersey Central Power and Light, request the consent of any one of the Plaintiffs to place any burden upon the property belonging to the Plaintiffs.

9

49.   Without the consent of the Plaintiffs, Defendant, Jersey Central Power and Light, upon information and belief, willfully and intentionally brought a cable through Cloverdale Road in the Township of Barnegat.

50.   The Defendant, Jersey Central Power and Light, has not paid just and fair compensation to the Plaintiffs.

Wherefore, the Plaintiffs, Ronald K. Miles, Kenneth Miles, Gordon C. Miles, Ernest L. Miles, Jr., and Joyce Cauley demand Judgment against the Defendant, Jersey Central Power and Light as follows:

A.   Compensatory damages;

B.   Punitive damages;

C.   Interest;

D.   Costs of suit;

E.   Attorney's fees;

F.   Any other relief deemed just by the Court.

## COUNT NINE

51.   The Plaintiffs reallege each and every allegation set forth above as if repeated herein at length.

52.   The Defendant, Vincent Filardo, as the adjacent landowner, was not able to enjoy access to his premises, as some or all of the premises were landlocked and otherwise inaccessible.

53.   The Defendant, Vincent Filardo, did begin negotiations with the Defendant, Connectiv, with regard to the purchase of property that did lie between the Defendant, Vincent Filardo, and the Plaintiffs.

54. The Defendant, Vincent Filardo, improperly conveyed an easement in or a right-of-way over property belonging not to the Defendant, Vincent Filardo, but to the Plaintiffs, Ronald K. Miles, Kenneth Miles, Gordon C. Miles, Ernest L. Miles, Jr., and Joyce Cauley.

55. Thereafter, upon information and belief, representatives of the Defendant, Connectiv, did trespass upon the property belonging to the Plaintiffs, as the right-of-way was cleared by representatives of the Defendant, Connectiv.

Wherefore, the Plaintiffs, Ronald K. Miles, Kenneth Miles, Gordon C. Miles, Ernest L. Miles, Jr., and Joyce Cauley demand Judgment against the Defendant Vincent Filardo and the Defendant, Connectiv as follows:

A. The return of title to that part of Catherine Street that was improperly conveyed to Connectiv;

B. Compensatory damages;

C. Interest;

D. Costs of suit;

E. Attorney's fees;

F. Any other relief deemed just by the Court.

## COUNT TEN

56. The Plaintiffs reallege each and every allegation set forth above as if repeated herein in length.

57. The Defendant, Barnegat Water Company, has entered upon the property belonging to the Plaintiffs without the consent or permission of the Plaintiffs to place water wells upon the property belonging to the Plaintiffs.

58. The Defendant, Barnegat Water Company, has removed water in great quantities from the land and property belonging to the Plaintiffs.

11

59. The Defendant, Barnegat Water Company, has wrongfully converted the property of Plaintiffs to its own use and enjoyment and trespassed upon the property of the Plaintiffs.

Wherefore, the Plaintiffs, Ronald K. Miles, Gordon C. Miles, Kenneth Miles, Ernest L. Miles, Jr., and Joyce Cauley demand Judgment against the Defendant, Barnegat Water Company, as follows:

      A.  Punitive damages;

      B.  Compensatory damages;

      C.  Attorney's fees;

      D.  Interest;

      E.  Cost of suit;

      F.  Any other relief deemed just by the Court.

### COUNT ELEVEN

60.  The Plaintiffs reallege each and every allegation set forth above as if repeated herein at length.

61.  The Defendants, John Does 1-10 (fictitious legal persons whose identities are unknown) caused a certain large corrugated metal pipe to exit upon the property belonging to the Plaintiffs on Block 92, Lot 9.01.

62.  In order to cause this large corrugated metal pipe to be placed on the property of the Plaintiffs, it was necessary for Defendants, John Does 1-10, to come upon the property belonging to the Plaintiffs without the consent and permission of the Plaintiffs.

63.  Many times, there is a certain discharge from this corrugated metal pipe upon the property and land of the Plaintiffs.

64.  The Plaintiffs were not compensated by John Does 1-10 for this trespass upon and invasion of their property.

Wherefore, the Plaintiffs, Ronald K. Miles, Gordon C. Miles, Ernest L. Miles, Jr., Kenneth Miles and Joyce Cauley, for Judgment against Defendant, John Does 1-10 (fictitious legal persons whose identities are unknown) as follows:

    A. Punitive damages;

    B. Compensatory damages;

    C. Interest;

    D. Costs of suit;

    E. Attorney's fees;

    F. Any other relief deemed just by the Court.

COUNT TWELVE

65. The Plaintiffs reallege each of the allegations set forth above as if set forth herein at length.

66. The Defendant, Verizon, or its representatives, placed or caused to be placed a number of telephone poles without the consent of the Plaintiffs, upon the property.

67. The Plaintiffs did not consent or give their permission to Defendant, Verizon, to place these structures upon the property.

68. As part of the egregious trespass upon the property, the Defendant, Verizon, the property was excavated and many pine trees were removed from the property nor was the property reseeded.

Wherefore, the Plaintiffs, Ronald K. Miles, Gordon C. Miles, Kenneth Miles, Ernest L. Miles, Jr. and Joyce Cauley demand Judgment against Defendant, Verizon, as follows:

A. Punitive damages;

RECEIVED-CLERK
U.S. DISTRICT COURT

B. Compensatory damages;

2005 MAR 24  P 5: 20

C. Interest;

D. Costs of suit;

E. Attorney's fees;

F. Any other relief deemed just by the Court.

LAW OFFICE OF JOSEPH A. FORTUNATO
For the Plaintiff(s)

Dated:  March 24, 2005

JOSEPH A. FORTUNATO

JURY DEMAND

The Plaintiff(s) demand a trial by jury with respect to all issues.

Dated:  March 24, 2005

JOSEPH A. FORTUNATO
Attorney for the Plaintiff(s)

15