NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
RONALD K. MILES, et al.,            :
                                    :
            Plaintiffs,             :
      v.                            :   CIVIL ACTION NO. 05-1661 (JAP)
                                    :
THE TOWNSHIP OF BARNEGAT, et al.,   :
                                    :   **OPINION**
            Defendants.             :
_____ :

      Presently before the Court are various motions to dismiss filed by Defendants the Township of Barnegat ("Barnegat"), Ernst, Ernst & Lissenden ("Ernst"), Frederick and Naomi Gerken (collectively, "Gerken"), Nelke/Constantine & Associates ("Nelke"), Walter Deetz ("Deetz"), WSB Engineering Group, P.A. ("WSB"), Ocean County Engineering ("OC Engineering"), Verizon, Atlantic County Electric Company a/k/a Conectiv Power Delivery ("ACEC"), Comcast, Pheasant Run Adult Community ("Pheasant Run"), Heritage Point South Adult Community ("Heritage Point"), New Jersey Department of Environmental Protection ("NJDEP"), the Pinelands Commission, and the Ocean County Board of Health ("Board of Health"). Defendants Vincent Filardo ("Filardo") and Four Seasons at Mirage Homeowners Association a/k/a Mirage Adult Community Four Seasons ("Four Seasons") have joined in the motions to dismiss pursuant to an Order of this Court entered on July 17, 2007.[1] These Moving Defendants seek a dismissal of the Amended Complaint, which was filed on October 27, 2006 by

---

    [1] Hereinafter, all moving Defendants and joining Defendants are collectively referred to as "Moving Defendants."

Plaintiffs Ronald K. Miles, Gordon C. Miles, Kenneth Miles, Ernest L. Miles, Jr., and Joyce Cauley (collectively, "Plaintiffs").  For the foregoing reasons, the Court grants the Moving Defendants' motions and dismisses Plaintiffs' Amended Complaint in its entirety as to all Defendants.

I.     BACKGROUND

As of January 22, 2003, Plaintiffs became title owners of adjacent parcels of property located in Barnegat, New Jersey, designated on the Township Tax Map as Lots 9.01, 9.02, 9.03, 9.04, 9.05, and 9.06, of Block 92.  (Am. Cmplt. at 2-3 ¶¶ 2-7).  On March 24, 2005, Plaintiffs filed a Complaint in this Court, alleging violations of the Takings Clause of the Fifth Amendment to the United States Constitution.  After a protracted procedural history, Plaintiffs filed an Amended Complaint on October 27, 2006, naming as Defendants Barnegat, ACEC, Comcast, Verizon, Filardo, Diane Filardo, Barnegat Water Company[2], Gerken, Deetz, Darlene Deetz[3], Frank and Helen Bisignano, Pheasant Run, Heritage Point, Shore Sand & Gravel, LLC, Four Seasons, NJDEP, Board of Health, the Pinelands Commission, Ernst, OC Engineering, Nelke, WSB, Remington, Vernick & Verna Engineers, and John Does 1-100 (collectively, "Defendants").[4]  Plaintiffs alleged that they brought the cause of action "pursuant to 42 U.S.C.

---

[2] Barnegat has noted in its pleadings that a company named "Barnegat Water Company" does not exist.  Nevertheless, Barnegat answered as to the allegations raised in respect of this entity because of the township's authority over its Sewer and Water Utility Company.  (Barnegat Answer to Am. Cmplt. at 2).

[3] Pursuant to a stipulation order on February 13, 2007, this Court dismissed Darlene Deetz as a party to this action.

[4] Plaintiffs also have asserted individual Counts against Ellen Kelleher, "the tax assessor of Barnegat . . . in 1999," (Am. Cmplt. at 10 ¶ 30), John Hess, "a former Township Engineer for . . . Barnegat," (Am. Cmplt. at 15 ¶ 47), Cynthia Rahn, "the Planning and Zoning Administrator

Sec. 1[9]83 and Sec. 1986, the Fifth and Fourteenth Amendment of the United States Constitution." (Am. Cmplt. at 1 ¶ 1). Plaintiffs stated that the Court maintained jurisdiction over the dispute under "[28] U.S.C. Sec. 1331; Sec. 1343 (a)(3) and Sec. 1346 (b)." (Am. Cmplt. at 1 ¶ 1).

In the Twenty-Six Count Amended Complaint, Plaintiffs alleged that Defendants, in various ways, took, encroached upon, and/or intruded upon their property, such that each "[D]efendant . . . conspired with other [D]efendants jointly, severally or in the alternative to diminish the size of [P]laintiffs' property." Plaintiffs also allege that certain Defendants engaged in fraudulent conduct, which also purportedly "diminish[ed] the size of [P]laintiffs' property." Specifically, theJanuary 7, 2008 only claim arising under federal law, either constitutional or statutory, is asserted in Count One against Barnegat. Plaintiffs allege that Barnegat

> did take a certain part of the property belonging to all of the plaintiffs as part of a certain right of way, which hereto has been identified or described by all of the parties as Catherine Street, and Cloverdale Road, within the Township of Barnegat. In wrongfully taking the property belonging to the plaintiffs, as part of these streets or right of way [Barnegat] did not provide compensation to the plaintiffs, nor did the plaintiffs receive due process from [Barnegat] before taking this property.

(Am. Cmplt. at 3 ¶ 1). Plaintiffs continue to assert that Barnegat "never gave notification through the Township Clerk of anything being built or coming around the Miles family property within 200 feet." (Am. Cmplt. at 3, ¶ 2). According to the allegations, "[t]his action on the part of [Barnegat] was contrary to the Fifth Amendment of the United States Constitution . . . ." (Am.

---

for . . . Barnegat[,]" (Am. Cmplt. at 19 ¶ 60), Harold E. Demellier, Jr., "a former administrator for . . . Barnegat[,]" (Am. Cmplt. at 19 ¶ 62), and Linda Gioia, "an assistant tax assessor for . . . Barnegat," (Am. Cmplt. at 24 ¶ 75). These individuals have not entered appearances in this action, and there is nothing in the record indicating that the Amended Complaint has been served upon them. Moreover, Barnegat, as alleged employer of these individuals during the relevant time period, has not entered an appearance on their behalf.

Cmplt. at 3-4 ¶ 3).

In Counts Two and Three, Plaintiffs reference the Takings Clause of the Fifth Amendment, stating that ACEC and Comcast took, without just compensation, portions of Plaintiffs' property by placing on that property telephone poles, an underground electricity transmission line, and "equipment[.]"  (Am Cmplt. at 5-6 ¶¶ 9-12, 14-16).  Indeed, all subsequent Counts "reallege all of the allegations set forth in the preceding paragraphs . . . ."

In response, various Defendants answered and asserted cross-claims against their co-Defendants for contribution and indemnification.  Heritage Point and Pheasant Run also filed Third-Party Complaints, seeking indemnification from Heritage Point, L.P., and Ridge Way Development Corp., respectively.  Moving Defendants now seek to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and, in the alternative, for a judgment on the pleadings pursuant to 12(c).

## II.    DISCUSSION

### A.    Standards of Review

#### 1.    <u>Standard of Review under Federal Rule of Civil Procedure 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a case based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  <u>Mortensen v. First Fed. Sav. and Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  <u>Ibid.</u>

Moreover, "[w]hen a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and need not be addressed." Pashun v. Modero, 1993 WL 185323, *2 (D.N.J. May 26, 1993); see also Merck & Co., Inc. v. Apotex, Inc., 2007 WL 4082616, *3 (D.N.J. Nov. 15, 2007) (stating that "a court should consider a Rule 12(b)(1) motion first[] because[,] if such a motion is granted, the claim at issue must be dismissed for lack of subject matter jurisdiction[,]" and, thus, "the accompanying defenses . . . become moot and need not be addressed").

### 2. Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Previously, the standard of review under Rule 12(b)(6) permitted dismissal "only if it appear[ed] that the plaintiffs could prove no set of facts that would entitle them to relief." Watson v. Abington Twp., 478 F.3d 144, 151 (3d Cir. 2007) (internal quotations omitted). Recently, however, the United States Supreme Court dispensed with that standard: the "'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [T]his famous observation has earned its retirement." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

The Twombly Court refashioned the standard and found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do[.]" Id. at 1964-65 (internal citations omitted); see also Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  Twombly, supra, 127 S. Ct. at 1965 (internal citations and footnote omitted).

### B. Jurisdiction Under 28 U.S.C. §§ 1331, 1343, and 1367[5]

Section 1331 of Title 28 of the United States Code grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Similarly, section 1343 grants

> original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

28 U.S.C. § 1343(a)(3).  It is a generally accepted principle that, if a complaint alleges federal civil rights claims under 42 U.S.C. § 1983, then the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  See, e.g., Estate of Smith v. Marasco, 318 F.3d 497, 505 (3d Cir.

---

[5] Plaintiffs allege in their Amended Complaint that this Court maintains original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1346(b).  This Court, however, does not consider Plaintiffs' claim of jurisdiction under § 1346 because that statute applies only to causes of action asserted against the United States government and its employees, 28 U.S.C. § 1346.  Indeed, neither the United States nor any of its employees are named defendants in this action and, therefore, the Court clearly does not have jurisdiction pursuant to § 1346.

2003).

Moreover, in a civil action over which a district court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the district courts retain discretion to

> decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Further, because "a case and controversy is a prerequisite to all federal actions," a cause of action must meet the ripeness doctrine, which "determines when a proper party may bring an action." Philadelphia Fed'n of Teachers v. Ridge, 150 F.3d 319, 322-23 (3d Cir. 1998) (internal quotation marks omitted). The ripeness doctrine "prevent[s] federal courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Id. at 323 (internal quotation marks omitted). A presumption arises that "federal courts lack jurisdiction unless the contrary appears affirmatively from the record[, and i]t is the plaintiffs' responsibility to clearly allege facts that invoke the court's jurisdiction." Ibid. (internal quotation marks omitted). Moreover, "'considerations of ripeness are sufficiently important that [courts] are required to raise the issue sua sponte even though the parties do not.'" County Concrete Corp. v.

Roxbury, 442 F.3d 159, 163-64 (3d Cir. 2006) (quoting Felmeister v. Ofice of Attorney Ethics, 856 F.2d 529, 535 (3d Cir. 1988)).

In the context of a claim asserted under the Takings Clause of the Fifth Amendment (a "Just Compensation Takings claim")—whether it is a facial or as-applied claim—"'if a State provides an adequate procedure for seeking just compensation,' the plaintiff must have exhausted this procedure in order for his or her Takings claim to be ripe for federal adjudication." Id. at 167-68 (quoting Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194-95 (1985)). Although "there is no requirement that a plaintiff exhaust administrative remedies before bringing a § 1983 action[,]" the requirement that a plaintiff exhaust state procedures established for seeking just compensation "addresses a unique aspect of Just Compensation Takings claims." Id. at 168 (internal quotation marks omitted). That is, "[b]ecause the Fifth Amendment bars not just the taking of property, but the taking of property without just compensation, a plaintiff cannot claim a violation of the Just Compensation Clause until he or she has exhausted a state's procedure for seeking just compensation." Ibid. (internal quotation marks omitted); see also Cowell v. Palmer Twp., 263 F.3d 286, 290 (3d Cir. 2001) ("The Supreme Court has recognized that just compensation need not be paid in advance of the taking-all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." (internal quotation marks omitted)).

**C.     Analysis**

To determine whether the Court maintains jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, the Court must consider whether Plaintiffs' Amended Complaint adequately alleges federal civil rights claims under 42 U.S.C. §§ 1983 and 1986. See, e.g., Estate

of Smith, supra, 318 F.3d at 505.  Section 1983 itself is not a source of substantive rights, but provides a vehicle for vindicating the violation of rights created by the United States Constitution or federal law.[6]  See Graham v. Connor, 490 U.S. 386, 393-94 (1989); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997).  Moreover, the "under color of state law" element of section 1983 is similar to the state action requirement of the Fourteenth Amendment in that it excludes merely private conduct from the parameters of section 1983.  See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).  Ultimately, "[t]o establish a section 1983 civil rights claim, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution."  Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994) (internal quotation marks omitted).

Section 1986 imposes liability on "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . ."  42 U.S.C. § 1986.  Similar to section 1983, 42 U.S.C. § 1985(3) creates a cause of action where "two or more persons" conspire to deprive another person "of the equal protection of the laws, or of equal privileges and immunities under the laws[.]"  42 U.S.C. § 1986(3).  As a result, to establish a claim under either Section 1983 or

---

[6] Section 1983 states in relevant part: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.

Section 1986, a plaintiff must assert a violation of a right secured by the constitution or federal law.

Here, Plaintiffs assert that they were deprived of their rights protected under the Takings Clause of the Fifth Amendment[7] and the Due Process Clause of the Fourteenth Amendment[8]. Specifically, Plaintiffs allege that Barnegat, ACEC, and Comcast took their property without just compensation and without procedural due process, and that the remaining Defendants engaged in a conspiracy aimed to diminish the size of Plaintiffs' property. Accordingly, the Court will have jurisdiction over this action only if Plaintiffs' Just Compensation and Due Process claims are ripe for review.

As stated above, to assert a Just Compensation Takings claim in a federal district court, the plaintiff must first exhaust state procedures established for seeking just compensation, if a state does provide such a procedure. County Concrete, supra, 442 F.3d at 168. Through the Eminent Domain Act of 1971, N.J.S.A. 20:3-1 et seq., ("the Act") the State of New Jersey statutorily provides a mechanism through which a private property owner may seek just compensation from a public entity that seeks to take, or has taken, property through the power of eminent domain. N.J.S.A. 20:3-6 specifically applies the Act to "the condemnation of such property and the compensation to be paid therefor, and to whom payable, and all matters

---

[7] The Fifth Amendment to the United States Constitution provides, in pertinent part, that "private property [shall not] be taken for public use, without just compensation." U.S. Const. Amend. V. This Takings Clause applies to state and local governments through the doctrine of incorporation, via the Fourteenth Amendment. U.S. Const. Amend. XIV; Cowell, supra, 263 F.3d at 290.

[8] Section 1 of the Fourteenth Amendment to the United States Constitution provides, in pertinent part, that "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

incidental thereto and arising therefrom[.]" Further, N.J.S.A. 20:3-29 provides that "[t]he condemnee shall be entitled to compensation for the property, and damages, if any, to any remaining property, together with such additional compensation as provided for herein, or as may be fixed according to law." In addition to the Eminent Domain Act, New Jersey statutory law prescribes specific procedures through which a township may constitutionally take private property for use as a public street, N.J.S.A. 40:67-12.1, and through which a property owner may seek judicial review of the measure of damages and compensation due in the event of a condemnation by a municipality, N.J.S.A. 40:56-62.

Despite the existence of these procedures set forth by the State—through which Plaintiffs could seek just compensation, assuming a taking of their property has occurred—Plaintiffs have not availed themselves of these mechanisms in any respect.[9] As a result, the Court concludes that Plaintiffs' Just Compensation Takings claims are unripe for review, and, thus, the Court lacks jurisdiction over such allegations brought via 42 U.S.C. §§ 1983 and 1986 and as asserted against all Defendants.

Considering next Plaintiffs' allegations of denials of procedural due process, as guaranteed under the Fourteenth Amendment to the United States Constitution, the Court finds

---

[9] The Court assumes for purposes of considering these motions that a taking of Plaintiffs' property may have occurred. Nevertheless, the Court recognizes that Defendants argue that no taking has occurred. Indeed, Barnegat submitted to the Court that Catherine Street and Cloverdale Road are actually "paper streets"—that is, streets that have no existence except on paper. See, e.g., Menk Corp. v. Twp. Committee of Barnegat, 389 N.J. Super. 263 (Law Div. 2006) (discussing municipality's interest in paper streets). The Court also notes that, under New Jersey law, there is a presumption "that title to one half of the road bed lies in the abutting property owner subject to whatever public right of way or easement may exist." Id. at 270. Pursuant to that presumption, it appears that, despite the alleged physical existence of these two streets, Plaintiffs may still have legal title to the property on which the streets lie and which Plaintiffs allege were "taken" from them.

that, although it has subject matter jurisdiction over these claims, Plaintiffs have failed to state a claim upon which relief may be granted. To establish a violation of their right to procedural due process, Plaintiffs must show that a person acting under color of state law deprived them of a protected property interest and "that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." DeBlasio v. Zoning Bd. of Adjustment of W. Amwell, 53 F.3d 592, 597 (3d Cir. 1995), overruled on other grounds by United Artists Theatre Circuit, Inc. v. Warrington, 316 F.3d 392, 400 (3d Cir. 2003); see also Dev. Group, LLC v. Franklin Twp. Bd. of Supervisors, 2003 WL 22358440 (E.D. Pa. Sept. 24, 2003) ("[T]o successfully plead [a procedural due process claim], by way of § 1983, Plaintiffs must assert that Defendants, acting under color of state law, deprived Plaintiffs of a protected property interest, and that the local and state procedures for challenging the deprivation are inadequate."). Indeed, "a state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." DeBlasio, supra, 53 F.3d at 597. "In other words, when a state affords a full judicial mechanism with which to challenge the administrative decision in question, the state provides adequate procedural due process[] whether or not the plaintiff avails him or herself of the provided appeal mechanism." Ibid. (internal quotation marks and citation omitted).

      As noted above, New Jersey provides a full judicial mechanism in the Eminent Domain Act, through which a property owner may seek to remedy an alleged taking of their property. Irrespective of the fact that Plaintiffs, here, did not avail themselves of this procedure, the fact that the State provides extensive levels of reviews—via the municipality, the Pinelands Commission, and the State courts—negates any procedural due process claim asserted here by

Plaintiffs.  See N.J.S.A. 40:55D-1 et seq. (the Municipal Land Use Law ("MLUL"), providing various procedural requirements regarding property within municipality); N.J.S.A. 40:67-12.1 (providing procedure through which municipality may take property to build or improve streets); N.J.S.A. 40:56-62 (granting state court power to review assessments for benefits and damages in condemnation proceedings brought by municipality); N.J.S.A. 20:3-1 et seq. (the Eminent Domain Act, creating judicial review of takings).  Accordingly, the Court finds that Plaintiffs have not asserted a due process claim sufficient to show they have raised their "right to relief above the speculative level."  Twombly, supra, 127 S. Ct. at 1965.  Therefore, even if all of Plaintiffs' allegations are true, Plaintiffs cannot maintain a cause of action under either 42 U.S.C. § 1983 or 42 U.S.C. § 1986 for procedural due process.[10]

Finally, because the Court finds that it lacks jurisdiction over Plaintiffs' federal claims under the Takings Clause of the Fifth Amendment and that Plaintiffs have failed to state a claim upon which relief may be granted in respect of the Due Process Clause of the Fourteenth Amendment, the Court refrains from exercising supplemental jurisdiction over any of Plaintiffs' state law claims, as well as Defendants' cross-claims for indemnification and/or contribution.  28 U.S.C. § 1357(c).  The Court emphasizes that the remaining claims asserted by Plaintiffs involve alleged encroachments and boundary disputes—all claims governed by state, rather than federal, law.  In the interest of comity, the Court finds it appropriate to abstain from asserting jurisdiction over such claims.

---

[10] Although the Court dismisses the action on other grounds, the Court, nevertheless, notes that Plaintiffs' claims under 42 U.S.C. § 1983 must fail as to a majority of the defendants in this action, as those entities and individuals are not "state actors" subject to liability under that statute.  See, e.g., Am. Mfrs., supra, 526 U.S. at 50.

**III.   CONCLUSION**

For the reasons expressed above, the Court grants Defendants motions to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Accordingly, the Court dismisses Plaintiffs' Amended Complaint in its entirety as to all Defendants.  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  January 7, 2008